UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEUL SLADE**,<br><br>   Plaintiff,<br><br> v.<br><br>**EMPIRE TODAY**, *et al.*,<br><br>   Defendants. | Case No. 20-cv-9301-YGR<br><br>**ORDER GRANTING MOTION TO REMAND; DENYING RENEWED MOTION TO COMPEL ARBITRATION AS MOOT; VACATING HEARING**<br><br>Dkt. No. 20, 21 |

  Plaintiff Jeul Slade filed his motion to remand this action to state court on March 10, 2021. (Dkt. No. 20.) Nine days later, defendant Empire Today, LLC filed its renewed motion to compel plaintiff to arbitrate claims and to dismiss action with prejudice. (Dkt. No. 21.)[1]

  Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **GRANTS** the Motion to Remand and **DENIES** the Renewed Motion to Compel as Moot.[2]

  Defendant removed this action alleging violations of the federal Fair Credit Reporting Act, 15 U.S:C. §§ 1681b(b)(2)(A)(i)-(ii), 1681d(a)(1) and 1681g(c), from the Superior Court of California, County of Alameda on grounds of federal question jurisdiction under 28 U.S.C. section 1331. (Dkt. No. 1, Notice of Removal.) In an ordinary removal case, "[i]f at any time before final

---

[1] The Court previously denied Empire's motion to compel arbitration without prejudice and granted the parties leave to take limited discovery on the issue of contract formation based on the disputed material facts appearing in the record as to plaintiff's assent to the arbitration agreement at issue. (Dkt. No. 18.) Defendants were given leave to file a renewed motion to compel as late as May 28, 2021, given the request for discovery on this issue. (*Id.*)

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **April 27, 2021.**

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Polo v. Innoventions International, LLC,* 833 F.3d 1193 (9th Cir. 2016). Here, plaintiff contends that the Court lacks subject matter jurisdiction over the claims in the complaint because plaintiff has not alleged an injury-in-fact sufficient to establish Article III standing. To establish federal jurisdiction under Article III, the injury alleged must be both "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016). An FCRA claimant "cannot satisfy the demands of Article III by alleging a bare procedural violation" since a violation of the statute's procedural requirements may result in no concrete harm. *Id*. at 1550. ("For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.")

Plaintiff's complaint alleges that defendants acquired credit and background reports on plaintiff and others in connection with their hiring process without providing proper disclosures or obtaining proper authorization in compliance with FCRA. The complaint alleges that the disclosures do not meet the statutory requirements to provide a written, standalone disclosure and are embedded with extraneous information in violation of section 1681b(b)(2)(A). (*See* NOR Exh A ["Complaint"] at ¶¶ 28-32, 34.) It further alleges that defendants did not include a statement informing plaintiff of his right to request additional disclosures and a summary of his rights under statute, as required by sections 1681d(a)(1) and 1681(g)(c). (*Id*. at ¶¶ 47-56.) Further, it alleges that these statutory violations caused plaintiff and others to be injured by "having their privacy and statutory rights invaded in violation of the FCRA." (*Id*. ¶¶ 43, 57.)

These allegations do not state a concrete injury beyond a bare procedural violation. Moreover, plaintiff disclaims economic injury in his briefing on the motion. (*See* Reply at 1:13-15 ["Plaintiff asserts *only procedural violations* and does not assert that he incurred any economic or other concrete injury as required for Article III standing and federal court jurisdiction."]; and 3:10-

2

11 ["Plaintiff does not assert any economic or other concrete injury."])  Thus, plaintiff's judicial admissions make it clear that no economic injury is at issue here.

Defendant's citation to the Ninth Circuit's decision *Syed* is unavailing.  *Syed* concerned allegations that went beyond a mere procedural violation of the FCRA, alleging facts giving rise to an inference that plaintiff was confused by the inclusion of the liability waiver in the background check form and would not have signed it had the disclosures been clear and compliant with the statute.  *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017).  As numerous courts have found, mere allegation of an "invasion of privacy and statutory rights" without more is insufficient to state a concrete, particularized harm that satisfies Article III's requirements.  *See, e.g., Moore v. United Parcel Serv., Inc.*, No. 18-CV-07600-VC, 2019 WL 2172706, at *1 (N.D. Cal. May 13, 2019); *Williams v. Nichols Demos, Inc.*, 2018 WL 3046507, at *5 (N.D. Cal. June 20, 2018).  Here, as in *Moore* and others, the complaint's "reference to invaded 'privacy and statutory rights' . . . [is] insufficient to describe a concrete and particularized harm" and the complaint is "devoid of allegations of confusion, error, or other harm from the alleged violations that might give rise to standing" *Moore*, 2019 WL 2172706, at *1 (N.D. Cal. May 13, 2019) (citing *Williams*, 2018 WL 3046507 at *5).

Therefore, plaintiff's motion to remand is **GRANTED** and the renewed motion to compel arbitration is **DENIED AS MOOT**.  The Clerk is directed to remand this action to the Superior Court for the State of California, County of Alameda.

This terminates Docket Nos. 20 and 21.

**IT IS SO ORDERED.**

Dated: April 22, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**